IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMIE MARIE JOHNSON**                                                                       **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO. 3:21-cv-55-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                             **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income and disability insurance benefits. The undersigned held a hearing on May 3, 2022 [20]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Statement of the Case

Plaintiff protectively filed an application in the present matter on April 4, 2019, alleging his disability commenced on June 5, 2018. She was forty (40) years old on the alleged disability onset date, and she was a "younger person" throughout the relevant period, from her alleged disability onset date through the date of the ALJ's decision. She has a GED and past relevant work experience as a car rental clerk, convenience store/retail stocker/supervisor, cashier, and daycare worker.

The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. A telephonic hearing was held by ALJ Gregory A. Maddox on October 20, 2020. Plaintiff, her attorney, and Elizabeth Wheeler, impartial vocational expert, appeared at the hearing. The ALJ issued an Unfavorable Decision in this cause on November 13, 2020.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 5, 2018. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: degenerative disc disease of the lumbar spine, disorders of the cervical spine, bone lesion of the left proximal tibia, osteoarthritis, undifferentiated connective tissue disease, plantar fasciitis, and obesity. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff's RFC and found that she retained the ability to perform a range of sedentary work, except she can lift/carry ten pounds occasionally and five pounds frequently; stand/walk for four hours, and sit for six hours, in an eight-hour day; frequently finger, handle, and reach; occasionally climb ramps and stairs, balance, stoop, kneel, drive, or work around machinery or vibration; and never climb ladders or scaffolds, crouch, crawl, or work around heights.

At step four, the ALJ found that the Plaintiff is unable to perform any past relevant work. The ALJ also found that transferability of job skills was not material to the determination of disability. However, at step five, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, such as a clerk, general office clerk, and document preparer. Accordingly, the ALJ found Plaintiff not disabled and denied her applications for DIB and SSI.

The Appeals Council issued an Order dated January 20, 2021, which affirmed the ALJ's Unfavorable Decision, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

**Discussion**

The Plaintiff raises two issues on appeal: 1) whether the ALJ failed to properly consider all of the evidence of the record; and 2) whether substantial evidence supports the ALJ's RFC findings which did not include time "off task or away from the workstation" for the Plaintiff. For the reasons explained in greater detail below, the Court finds that the ALJ's decision was supported by substantial evidence and should be affirmed.

**A. Alleged Failure to Properly Consider All of the Evidence**

It is indisputable that an ALJ must consider all of the record evidence and cannot "pick and choose" only the evidence that supports his position. *Loza v. Apfel*, 219 F.2d 378, 393 (5th Cir. 2000).

The ALJ explicitly notes that he considered the results of an MRI of the lumbar spine that was performed in December 2018. He notes that "Doctors obtained an MRI of the lumbar spine in December 2018, wherein resulting images notes some degenerative changes with desiccation of the L4 and L5 disc. In addition, similar images of the cervical spine identified mild degenerative disc disease at C6-C7. (Exhibit 12F)" (Tr. 20). Here, the Plaintiff alleges that the ALJ's failure to also explicitly note consideration of a September 18, 2020, CT scan of Plaintiff's lumbar spine "caused great prejudice to this Plaintiff." Pl's Brief [15] at 5. Notably, the September 18, 2020, CT scan, while not explicitly mentioned by the ALJ, is contained within the same exhibit cited by the ALJ: 12F. (TR. 20).

This Court finds that the September 2020 CT scan is not materially or substantially different from the December 2018 MRI. While Plaintiff relies heavily upon the fact that the findings included "mild to moderate intervertebral disc space narrowing indicating disc degeneration at the L5-S1 level," the impression, as analyzed by the radiologist, Gayle Waitches,

4

included that the degenerative changes remained "mild." (Tr. 842-43). Further, the ALJ found degenerative disc disease and disorders of the cervical spine to be severe impairments. He had also incorporated specific limitations to Plaintiff's RFC related to these severe impairments.

Plaintiff urges the Court to find that remand is appropriate as it was in *Perry v. Commissioner*, 3:20-cv-116-MPM-DAS. In *Perry*, Judge Sanders reasoned that "[i]t is perfectly appropriate for an ALJ to list abilities and limitations that vary from any expert opinion, precisely because the ALJ is required to consider all of the evidence in the record, including lay testimony. It is quite another matter, however, for an ALJ to assess an RFC when substantial, apparently significant medical records have not been subjected to any expert review and no expert opinion relating to the records is in the record." *See Perry*, 3:20-cv-116-MPM-DAS, [24] at 7-8.

The undersigned agrees with Judge Sanders' reasoning. However, here, the September 2020 CT that Plaintiff is requesting the Court remand the case over is not a "substantial, apparently significant" medical record because it so closely resembles the December 2018 MRI. Both the September 2020 CT and the December 2018 MRI contained "mild" findings. An important distinction between this case and *Perry* is that here, the record reveals that following the December 2018 MRI showing Plaintiff's mild degenerative disc disease, Plaintiff appeared for a consultive examination in July 2019 with Dr. Jim Adams. Dr. Adams found that the Plaintiff had no sensory or motor deficits, walked with a normal, unassisted gait, could elevate on heels and toes minimally and squat minimally, complained of pain with lumbar flexion, and rose with difficulty from a supine position. (TR. 326-28). However, Dr. Adams noted that his exam findings did not suggest lumbar radiculopathy. (TR. 328).

Disability is not established by an impairment's existence, but by the functional limitations the impairment causes. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Therefore, during

the hearing, counsel for Plaintiff was questioned regarding what functional limitations, if any, worsened following the July 2019 CE. Counsel for Plaintiff referenced the transcript citations in her brief, which included that Plaintiff reported symptoms overall worsening to Dr. Eddleman on December 21, 2019 (TR 550), reported swelling to her hands in April 2020 (TR 633), and reported that she was continuing to have severe back and neck pain that limits her mobility (TR 816). However, the Court notes that each of these are subjective complaints made to providers. To the contrary, the medical records reveal that in August 2019, Plaintiff saw rheumatologist Kirk Eddleman, M.D., who observed a normal gait and a normal range of motion throughout without any obvious weakness. (TR. 336). Then, at a follow-up appointment on April 9, 2020, the examination showed a normal range of motion and normal gait, but due to complaints of joint pain and stiffness, Plaintiff was referred to pain management. (TR 739).

Put simply, there is no evidence before this Court tending to show that Plaintiff's functional limitations worsened following the consultive examination in July 2019 or that substantial evidence does not support the ALJ's decision of not disabled. Plaintiff's imagining and examinations were generally characterized by good functioning and mild abnormalities. Nonetheless, to account for Plaintiff's complaints of pain and some examinations showing an abnormal gait or painful range of motion, the ALJ determined that Plaintiff's spine conditions limited her to being able to stand or walk for four hours, and sit for six hours, in an eight-hour day with postural limitations. (TR. 23-24).

Plaintiff has failed to show that she was prejudiced by the ALJ's lack of articulation of a particular piece of diagnostic evidence, which the Agency uses only to establish a medical abnormality, especially where the ALJ accepted, recognized, and found the medical abnormality the evidence establishes to be severe. It is for these reasons that the Court finds that Plaintiff's first

assignment of error to be without merit.

### B. The RFC Assessment

The RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). "Remand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Id*. (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). To carry weight, subjective statements must be corroborated by objective findings. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); SSR 96-8p, 1996 WL 374181, at *5.

Here, Plaintiff argues that the ALJ committed reversible error by not including in the RFC time off-task or away from the workstation in order to accommodate her assertions of pain and morning stiffness. Here, the Court is not persuaded that the ALJ failed to properly formulate the RFC due to Plaintiff's subjective complaints of pain. "It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work." *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016). It is not for this Court to disturb the ALJ's RFC findings if the substantial evidence threshold has been met, as it has here.

### Conclusion

In this case, the "mild" condition that was established by the December 2018 MRI and

confirmed by the September 2020 CT was found to be a "severe" impairment by the ALJ. Nonetheless, the functional limitations caused by this impairment were found by the ALJ to be non-disabling. The ALJ's formulation of the RFC accounted for Plaintiff's "severe" impairments and his finding of not disabled was supported by substantial evidence. Thus, the Commissioner's decision should be and is hereby affirmed.

    **SO ORDERED** this, the 6th day of May, 2022.

                                                      /s/ Jane M. Virden
                                                    United States Magistrate Judge